# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| PAUL FRANCIS DUNN, III, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV423-056 |
| | ) | CR419-193 |
| | ) | |
| UNITED STATES OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Paul Francis Dunn, III pleaded guilty to one count of abusive sexual contact committed by a person employed by the Armed Forces outside the United States and one count of sexual abuse of a minor committed by a person employed by the Armed Forces outside the United States. *See* doc. 101 at 1 (Judgment).[1]  He was sentenced to 293 months of incarceration and a life term of supervised release. *See id.* at 2-3.  He did not file a direct appeal. *See generally* docket; *see also* doc. 95-1 at 3 (certification, signed by Dunn, affirming his decision not to file a direct appeal after consultation with counsel).  He now moves to vacate the

---

[1] The Court cites to the criminal docket in CR419-193 unless otherwise noted.

judgment pursuant to 28 U.S.C. § 2255. *See* doc. 108. Preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, shows that his motion should be **DENIED**. Doc. 108.

Dunn's Motion asserts three grounds for relief. *See* doc. 108 at 4-8, 13-16. First, he asserts that his counsel provided ineffective assistance, in several specified ways. *See id.* at 13-14. Second, he alleges that the Government violated its obligation pursuant to the Supreme Court's holding in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. *See id.* at 15. Finally, he contends that the Court erred in denying his Motion to Withdraw his Guilty Plea because it applied the wrong standard. *See id* at 16. Since, as discussed below, the second two grounds asserted are procedurally defaulted, the Court will discuss them first.

A prisoner seeking collateral relief "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Generally, where a movant seeks collateral relief based on trial errors to which no contemporaneous objection was made, *id.* at 167–68, or direct appeal pursued, "it will be procedurally barred in a § 2255 challenge." *United States v. Montano*, 398 F.3d 1276, 1279–80 (11th Cir. 2005) (citing *Mills v. United States*, 36 F.3d 1052,

1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills*, 36 F.3d at 1055. In other words, a movant may not use his collateral attack as "a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). A procedural default may be overcome if the movant can show "cause excusing his failure to raise the issue previously and actual prejudice resulting from the alleged error." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (citations omitted). The movant bears the burden of proof, including showing cause and prejudice to excuse a procedural default. *See Hill v. United States*, 569 F. App'x 646, 647 (11th Cir. 2014) (citing *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983)). Ineffective assistance of counsel (IAC) "may satisfy the cause exception to the procedural bar," though such a claim "must have merit" to qualify. *Nyhuis*, 211 F.3d at 1344 (citations omitted).

Dunn acknowledges that he did not assert either Ground Two or Ground Three on direct appeal. *See* doc. 108 at 5, 7. His explanation for his failure to raise either ground on direct appeal is, in its entirety, "N/A, No Direct Appeal Filed." *Id.* His more detailed presentation of the merits

of both grounds is silent on his failure to raise either on direct appeal. *See id.* at 15-16. He does not argue—and the Court can discern no plausible argument—that either ground was not "available" for review on direct appeal. His failure to address his procedural default at all is also, obviously, insufficient to bear his burden to show cause and prejudice to excuse that default.[2] Moreover, since, as discussed below, his contention that his counsel provided ineffective assistance is meritless it cannot support excusing his default, even if he had asserted that it did.[3] Grounds Two and Three of Dunn's Motion should, therefore, be **DENIED** as procedurally defaulted.

Dunn also argues that his counsel was ineffective for three reasons: (1) that his counsel "failed to obtain all of the potential evidence and Brady material in this case"; (2) that counsel failed to "argue key

---

[2] Dunn's signed Post-Conviction Consultation Certification belies any assertion that he was not aware of his right to file a direct appeal or the consequences of failing to do so. *See* doc. 95-1 at 3-4.

[3] The Court acknowledges that the defects asserted in Grounds Two and Three are similar to bases upon which he asserts his trial counsel provided ineffective assistance. *Compare* doc. 108 at 13 (asserting that counsel was ineffective for failing to obtain *Brady* material and failing to argue a violation of Federal Rule of Criminal Procedure 11), *with id.* at 15 ("Ground #2: Brady Violation), 16 ("Ground 3: Violation of the Federal Rules of Criminal Procedure). However, even if counsel's performance in the district court were deficient, that deficiency does not explain why those issues were not raised on direct appeal sufficiently to carry Dunn's burden to excuse the procedural default.

violations," specifically the alleged Brady violation and an alleged "violation of Rule 11"; and (3) that counsel "failed to call or consult with an expert witness to testify to the extent by which the withheld evidence has impacted the defense." Doc. 108 at 13. Those claims all fail to support the conclusion that Dunn's counsel provided ineffective assistance.

Criminal defendants have a right to effective assistance of counsel at all critical stages of the proceedings. *Strickland v. Washington*, 466 U.S. 668 (1984). This right extends to the entry of a guilty plea, *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), and during sentencing proceedings, *Glover v. United States*, 531 U.S. 198, 202 (2001). Furthermore, the right to effective assistance of counsel includes the right to representation free from conflicts of interest. *Cuyler v. Sullivan*, 446 U.S. 335, 348-50 (1980). A defendant's guilty plea, appeal waiver, or collateral attack waiver does not preclude an ineffective assistance of counsel claim premised on an involuntary and unintelligent plea. *United States v. Puentes–Hurtado*, 794 F.3d 1278, 1281, 1285 (11th Cir. 2015).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the

adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.  A convicted defendant must meet two components to establish that counsel's assistance was so defective as to require reversal of a conviction or sentence: (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance.  *Id.* at 687.  "If a petitioner cannot satisfy one prong, we need not review the other prong." *Duhart v. United States*, 556 F. App'x 897, 898 (11th Cir. 2014).  Thus, if a defendant cannot show prejudice, the Court need not determine whether defendant's allegations show his counsel's performance fell below an objective standard of reasonableness.

The deficient performance requirement concerns "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (internal citation and quotation omitted).  There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. *Davis v. United States*, 404 F. App'x 336, 337 (11th Cir. 2010) (citing *Strickland*, 466 U.S. at 689).  "It is petitioner's burden to 'establish that counsel

p[er]formed outside the wide range of reasonable professional assistance'
by making 'errors so serious that [counsel] failed to function as the kind
of counsel guaranteed by the Sixth Amendment.' " *LeCroy v. United
States*, 739 F.3d 1297, 1312 (11th Cir. 2014) (quoting *Butcher v. United
States*, 368 F.3d 1290, 1293 (11th Cir. 2004)) (second alteration in
original). "[A] court deciding an actual ineffectiveness claim must judge
the reasonableness of counsel's challenged conduct on the facts of the
particular case, viewed as of the time of counsel's conduct." *Strickland*,
466 U.S. at 690. Further, retrospective judicial scrutiny of counsel's
performance "must be highly deferential" and must "eliminate the
distorting effects of hindsight." *Id.* at 689. "In evaluating performance,
'counsel is strongly presumed to have rendered adequate assistance and
made all significant decisions in the exercise of reasonable professional
judgment.'" *LeCroy*, 739 F.3d at 1312 (quoting *Strickland*, 466 U.S. at
690). "[B]ecause counsel's conduct is presumed reasonable, for a
petitioner to show that the conduct was unreasonable, a petitioner must
establish that no competent counsel would have taken the action that his
counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th
Cir. 2000). Additionally, "as an acknowledgment that law is no exact

science, the rule that an attorney is not liable for an error of judgment on an unsettled proposition of law is universally recognized." *Smith v. Singletary*, 170 F.3d 1051, 1054 (11th Cir. 1999) (internal quotes and citation omitted); *see also Jones v. United States*, 224 F.3d 1251, 1258 (11th Cir. 2000) ("[W]e are not prepared to say categorically that counsel's failure to [preserve an argument] constituted prejudicial, ineffective nonfeasance while the law was still unsettled."). As this Court has put it bluntly, "[a] typical IAC claim succeeds only where counsel has, metaphorically speaking, shot at the side of a barn yet missed." *Lovett v. United States*, 2018 WL 4494201, at *4 n. 3 (S.D. Ga. Apr. 23, 2018) (citing *Sullivan v. Sec'y, Fla. Dept. of Corr.*, 837 F.3d 1195, 1205-06 (11th Cir. 2016)).

Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant could obtain relief only if the error caused actual prejudice. *Strickland*, 466 U.S. at 691-92. "Showing prejudice requires petitioner to establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *LeCroy*, 739 F.3d at 1312 (internal citation omitted). "The prejudice prong requires a petitioner to

8

demonstrate that seriously deficient performance of his attorney prejudiced the defense." *Id.* at 1312-13. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some *conceivable* effect on the outcome of the proceeding is insufficient to show prejudice." (internal cites and quotations omitted) (emphasis added)). A reasonable probability of a different result "is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. As set forth below, Dunn has failed to demonstrate: (1) that his attorney's performance was deficient, *i.e.*, the performance fell below an objective standard of reasonableness; or (2) that he suffered prejudice, even assuming counsels' performance was deficient. *Id.* at 685-86.

Dunn first asserts his counsel was ineffective for failing "to obtain all of the potential evidence and *Brady* material in this case," and then failing to argue the *Brady* violation. Doc. 108 at 13. Dunn's presentation of his ineffective-assistance claim establishes that he does not contend

that his counsel "failed" to obtain the evidence or make the arguments at issue, merely that the outcome of the arguments asserted was not what Dunn hoped.[4]  *See id.* at 13-14.  As he acknowledges, "[t]he court ruled that the withheld evidence did not constitute a Brady violation," but, he argues, his counsel "failed to argue the presence of cumulative evidence and its impact on the defense."  *Id.*  However, Dunn does not even hint at what that "cumulative evidence" was.  *Id.* at 14.  The closest he comes is asserting that "there is a strong *possibility* that [electronic devices seized from him] *may* contain mitigating, exculpatory, or impeachment evidence in favor of the defense."  *Id.* at 13 (emphasis added).  Even assuming that counsel's performance related to the Government's production of evidence were deficient, Dunn has absolutely failed to present anything more than his speculation that he suffered prejudice.  His first theory of his counsel's ineffectiveness, therefore, is insufficient.

---

[4]  He objects to the fact that counsel was unable to obtain the material until after he had signed his plea agreement.  *See* doc. 108 at 13.  To the extent that Dunn asserts that his counsel provided ineffective assistance prior to his guilty plea, that plea waived those claims.  *See, e.g., Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Anderson v. United States*, 2022 WL 17722420, at *5 (S.D. Ga. Nov. 21, 2022).  Dunn does not assert that his guilty plea was not knowing and voluntary, *see generally* doc. 108, and the transcript of the Rule 11 hearing belies any such claim, *see generally* doc. 78.

The second way in which Dunn asserts his counsel provided ineffective assistance can be resolved even more definitively. Dunn argues that his counsel was ineffective because he "failed to argue that the court may accept, reject, or defer a plea agreement. . . [, but] the rule does not allow the court to perform a variation of this rule, partially accepting and partially deferring until after the review of the presentence report." Doc. 108 at 13. Dunn's argument has some intuitive plausibility. *See United States v. Hyde*, 520 U.S. 670, 673 (1997) (noting that the United States Court of Appeals "reasoned as follows: . . . the guilty plea and the plea agreement are ' 'inextricably bound up together,' ' such that the court's deferral of the decision whether to accept the plea agreement also constitutes an automatic deferral of its decision whether to accept the guilty plea, even if the court explicitly states that it is accepting the guilty plea." (citation omitted)). Despite that plausibility, in 1997 a unanimous Supreme Court rejected precisely the argument Dunn would have had his counsel assert here. *See id*. at 674 (holding that the text of Rule 11 "shows that . . . [g]uilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time."). The Court found that the argument was not only inconsistent

with the text of the relevant Rules, but also "debases the judicial proceeding at which a defendant pleads [guilty] and the court accepts his plea. After the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea, the [asserted interpretation] would allow the defendant to withdraw his guilty plea simply on a lark." *Id.* at 676. The Supreme Court disdained such an interpretation as "degrad[ing] the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *Id.* at 677. Dunn's counsel simply could not have been ineffective for not asserting an argument that the Supreme Court rejected decades ago. *See, e.g., Wilmore v. United States*, 2018 WL 5295886, at *1 (11th Cir. Aug. 28, 2018) (movant could not show ineffective assistance for failure to raise an argument that "would not have succeeded").

The third way in which Dunn asserts that his counsel was ineffective is also insufficient. Dunn suggests that, somehow, the information on the electronic devices was "volatile" and, by the passage of time in the Government's possession, "[t]ext messages, social media

messages, emails, and other files had become stale." Doc. 108 at 14. It is entirely unclear how electronic data is alleged to have become "stale." His assertion that "[a]n expert witness [was] necessary to ascertain the extent of the damage done to the defense by withholding electronic evidence," is based on Dunn's pure speculation that (1) favorable evidence existed on the electronic devises in the first place, and (2) that, if it did, it suffered some degradation merely by passage of time in the Government's possession.  "[S]uch conclusory and vague statements of prejudice are insufficient to demonstrate prejudice under *Strickland*." *United States v. Bailey*, 1999 WL 143861, at *5 (10th Cir. Mar. 17, 1999) (citing *Stafford v. Saffle*, 34 F.3d 1557, 1564-65 (10th Cir. 1994)).

Since none of the three grounds raised in Dunn's Motion supports relief, his Motion should be **DENIED**, doc. 108, and civil action CV423-056 should be **DISMISSED** in its entirety.  Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district

13

court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

    **SO REPORTED AND RECOMMENDED**, this 31st day of May, 2023.

                        CHRISTOPHER L. RAY
                        UNITED STATES MAGISTRATE JUDGE
                        SOUTHERN DISTRICT OF GEORGIA